IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ASF GLOBAL, LLC, | * | |
| | * | |
| Plaintiff, | * | Case No. 22-48 |
| | * | |
| vs. | * | IN ADMIRALTY |
| | * | |
| SOFT-TEX INTERNATIONAL, INC., | * | RULE 9(h), FRCP |
| | * | |
| Defendant. | * | |

## COMPLAINT

Comes now Plaintiff ASF Global, LLC ("ASF") and files its Complaint, alleging against Defendant Soft-Tex International, Inc. d/b/a Soft-Tex Manufacturing Co. (Soft-Tex"), as follows:

## PARTIES

1. ASF is an Alabama limited liability company. None of its members are citizens of the State of New York.

2. Soft-Tex is a New York corporation with its principal place of business in Albany County, New York.

## JURISDICTION

3. This is a case of admiralty and maritime jurisdiction and is a claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper under 28 U.S.C. §§ 1333 and 1367.

4.     The Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs and interest, and because there exists complete diversity of citizenship between the plaintiff and the defendants.

5.     This Court has personal jurisdiction over all of the parties pursuant to the parties' agreement consenting to personal jurisdiction in this Court and providing that any action relating to services provided by ASF to Soft-Tex may be brought in this Court.

6.     Venue is proper in this Court pursuant to the parties' agreement that any action related to the services performed by ASF for Soft-Tex may be brought in this Court.   Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## STATEMENT OF FACTS

7.     ASF is a non-vessel-operating common carrier (also known as a "NVOCC") specializing in supply chain management, including the shipping and related transportation of goods from port-to-port and port-to-customer.  ASF's headquarters are in Mobile, Alabama.

8.     Soft-Tex manufactures and markets an assortment of bedding and home comfort products.  Soft-Tex sources products globally.

9.     ASF agreed to provide ocean and related transportation services for Soft-Tex's goods which are manufactured overseas.  In exchange, Soft-Tex agreed to pay to ASF freight charges, fees, storage charges, *per diem* charges, demurrage, chassis charges, and other charges associated with these shipments.

10.     As part of the contract with ASF, Soft-Tex executed ASF's Credit Application Terms and Conditions (the "Credit Terms") agreeing to abide by those terms in conjunction with ASF allowing Soft-Tex to pay for shipments on certain terms.  ASF's Credit Terms adopt and

incorporate ASF's Standard Terms and Conditions, which include ASF's International Terms and Conditions.

11. Pursuant to the Credit Terms, ASF allowed Soft-Tex to pay for shipment of its goods after their estimated time of arrival in port. Initially, ASF offered Soft-Tex a credit term of net 15 days from the estimated time of arrival of Soft-Tex's goods in port ("net 15"). At Soft-Tex's request, on September 18, 2020, ASF extended Soft-Tex's credit term to net 30 days from the estimated time of arrival in port ("net 30"). Due to Soft-Tex's failure to make payments on time, on September 14, 2021, ASF reduced the credit term to net 15. On January 13, 2022, at Soft-Tex's request and in an effort to work with Soft-Tex's cash flow issues, ASF again extended the credit term to net 30 provided that Soft-Tex made payment of all invoices outside the 30-day term. Soft-Tex failed to make the required payment.

12. Over the course of the last several months, Soft-Tex has failed to pay ASF substantial amounts owed in connection with ASF's shipment of containers of goods for Soft-Tex from China to the United States. ASF is now in the position of having to hold and store many containers (and in some cases the chassis as well) and exercise its maritime lien rights to protect its right to receive payment. If payment is not made, storage and other related charges for these shipments are going to continue to accrue. At some point, ASF may have no choice but to exercise its right to sell the goods at public or private sale or auction as authorized by the International Terms and Conditions.

13. Under the parties' agreement, Soft-Tex is responsible for any and all penalties and late fees arising out of or related in any way to its untimely payment; all reasonable costs incurred in collecting any late payments or enforcing the terms of its agreement, including but not limited

to reasonable attorney's fees and court costs; and 25% interest per annum on all outstanding charges.

14. ASF also issued Bills of Lading to Soft-Tex for the cargo associated with each shipment. In accepting the Bills of Lading for its goods, Soft-Tex agreed to the terms thereof. Under the Bills of Lading, Soft-Tex is liable for and must indemnify ASF against all dues, duties, taxes, consular fees, and other charges levied on the goods, and all fines, damages, and losses sustained by ASF in connection with the goods.

15. As of February 3, 2022, Soft-Tex owed ASF $1,246,397.23 plus interest at the rate of 25% *per annum* and storage, chassis, and other charges for Soft-Tex's goods currently in ASF's possession, custody or control, or enroute.

16. ASF has demanded payment from Soft-Tex, and Soft-Tex has failed or refused to pay the outstanding balance owed.

## COUNT ONE
### Breach of Contract - *In Personam*

17. ASF adopts and incorporates the preceding paragraphs as if fully set forth herein.

18. ASF agreed to transport goods for Soft-Tex, and Soft-Tex agreed to pay ASF for its services.

19. Soft-Tex has failed to pay ASF.

20. Pursuant to its agreement with Soft-Tex, ASF is entitled to payment by Soft-Tex in the amount of $1,246,397.23 plus interest at the rate of 25% *per annum* and fees and charges associated with Soft-Tex's goods, including Soft-Tex's goods currently in ASF's possession, custody or control.

21. Soft-Tex's refusal to pay the amounts due and owing after ASF's performance constitutes a breach of contract. ASF has been damaged by Soft-Tex's breach of contract.

WHEREFORE, ASF demands judgment against Soft-Tex for compensatory damages in the amount of $1,246,397.23 plus fees and charges associated with Soft-Tex's goods, pre- and post-judgment interest in the amount of 25% *per annum*, and all costs of collection, including but not limited to ASF's reasonable attorneys' fees.

## COUNT TWO
*Quantum Meruit - In Personam*

22. ASF adopts and incorporates the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

23. ASF has performed ocean transportation services and incurred costs and expenses, including storage, care, carriage and delivery, for the benefit of Soft-Tex. ASF is entitled to be paid for the reasonable value of its services, costs, and expenses.

24. Soft-Tex is therefore liable to ASF in quantum meruit for the reasonable value of ASF's services, costs, and expenses.

WHEREFORE, ASF demands judgment against Soft-Tex for compensatory damages.

## COUNT THREE
**Suit on Verified Account (Ala. Code § 12-21-111) -** *In Personam*

25. ASF adopts and incorporates the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

26. Pursuant to the request of Soft-Tex and on the credit of Soft-Tex, ASF provided services and paid costs and expenses necessary for the transportation of Soft-Tex's goods.

27. A correct itemized statement of Soft-Tex's account with ASF is attached hereto as Exhibit A.

28. Despite due demand, Soft-Tex has failed to pay the amounts owed to ASF.

WHEREFORE, ASF demands judgment against Soft-Tex for compensatory damages in the amount of $1,246,397.23 plus fees and charges associated with Soft-Tex's goods, pre- and post-judgment interest in the amount of 25% per annum, and all costs of collection, including but not limited to ASF's reasonable attorneys' fees.

## COUNT FOUR
### Account Stated - In Personam

29. ASF adopts and incorporates the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

30. Soft-Tex has expressly or impliedly acknowledged the correctness of its account balance owed to ASF and has agreed to pay the same.

31. Soft-Tex, however, has failed or refused to make payment for all outstanding amounts owed.

WHEREFORE, ASF demands judgment against Soft-Tex for compensatory damages in the amount of $1,246,397.23 plus fees and charges associated with Soft-Tex's goods, pre- and post-judgment interest in the amount of 25% per annum, and all costs of collection, including but not limited to ASF's reasonable attorneys' fees.

Respectfully submitted,

*/s/ J. Blair Newman, Jr.*
W. CRAIG HAMILTON
chamilton@mcdowellknight.com
J. BLAIR NEWMAN, JR.
bnewman@mcdowellknight.com
Attorneys for ASF GLOBAL, LLC

OF COUNSEL:

MCDOWELL KNIGHT ROEDDER
 & SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama  36602
(251) 432-5300
(251) 432-5303 (fax)

### CERTIFICATE OF SERVICE

PLAINTIFF WILL SERVE DEFENDANT VIA U.S. POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESS:

Soft-Tex International, Inc.
c/o Mark Smiderle
428 Hudson River Road
Waterford, NY 12188

>  */s/ J. Blair Newman, Jr.*
>  COUNSEL